GEORGE H. GILDERSLEEVE v. ALLEN C. ADSIT, CIRCUIT JUDGE OF KENT COUNTY.

*Justices' courts—Appeal-bond—Stay of execution—Release of surety.*

The liability of a surety in a bond executed on an appeal from justice's court cannot be extended by an order of the circuit judge made for that express purpose, and on his own motion, staying proceedings on the judgment rendered against the appellant and surety.

*Mandamus.* Submitted on briefs January 10, 1893. Granted January 11, 1893.

Relator executed a bond as surety on an appeal from justice's court. A judgment was rendered against him and the appellant at the circuit. Three days before an execution was legally issuable on the judgment, the attorney for the appellee signed a stipulation, which was filed in the cause, by which he agreed not to take out an execution upon the judgment for 60 days. On the day upon which an execution was issuable but for the stipulation, the respondent made an order upon his own motion, and for the express purpose of extending the liability of the surety, staying proceedings upon the judgment for 60 days. At the expiration of the stay an execution was issued, and returned unsatisfied. An *alias* execution was issued, which the relator moved to quash, as against him, on the grounds that it was not issued until after the expiration of the 30 days limited by How. Stat. § 7029, and that the stipulation not to issue an execution was made without relator's consent. The respondent denied the motion, and relator applied for a *mandamus* to compel him to quash the *alias* execution.

*James A. Lombard,* for relator.

*J. M. Jamison,* for respondent:

PER CURIAM.    The writ is granted.    A circuit judge has no power to extend the liability of a surety in a bond executed on an appeal from justice's court by a stay of execution made for that express purpose, and upon his own motion.